UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CASE: 20-14790-TBM |
| MICHAEL EDWARD BLANDFORD<br>LISA PAIGE BLANDFORD | CHAPTER 13 |

**Debtors**

---

### TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

---

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

   1.  Trustee is unable to determine if the plan complies with 11 U.S.C. § 1325. Trustee requests a redacted copy of Debtors' 2019 business and personal tax returns including all attachments.

   2.  Trustee cannot determine if the plan fully provides for the priority claim of the Internal Revenue Service, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtors have filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). Proof of Claim No. 2 filed by the IRS indicates Debtors have not filed a federal income tax return for 2019. Debtors must file the return and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

   3.  Trustee cannot determine if the plan fully provides for the priority claim of the Colorado Department of Revenue, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtors have filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). Proof of Claim No. 8 filed by the CDR indicates Debtors have not filed a state income tax return for 2019. Debtors must file the return and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

   4.  The plan may not meet the "best interest of creditors test." 11 U.S.C. § 1325(a)(4).

   a. Schedule A indicates the value of Debtor's residence is $899,200. The Denver County website indicates the 2019 assessed value is $916,000. Online resources and recent sales in the area indicate the property may have a value in excess of $1,000,000. It appears Debtors' residence is undervalued.

   b. Line 10 of Schedule B disclose "firearms" valued at $2,000 but no detail is provided. Trustee requests information and documentation on what specific firearms are owned and how they were valued.

   c. Debtors' business, Declaration Brewing Company, filed for Chapter 7 Bankruptcy (Case No. 20-14410). Based on testimony at the section 341 meeting of creditors, Debtors' may receive distributions from the Chapter 7 estate. The plan should include a provision requiring Debtors'

to turnover to Trustee all funds received from the Chapter 7 estate.

5. The plan does not provide the minimum distribution to Class Four creditors as required by Form 122C. 11 U.S.C. § 1325(b)(1)-(4). Disposable income on Line 45 of Form 122C-2 (Docket No. 5) is $3,063.60. Therefore, Class Four must receive a minimum of $182,216 ($3,063.60 x 60 = $183,816 less $1,600 attorney fees payable through the plan). In addition, Debtor-2's income on line 2 of Form 122C-1 should be $18,528 and line 13b/c of Form 122C-2 should be $0

6. Debtors may not be contributing all projected disposable income to plan payments and the plan may not be proposed in good faith. 11 U.S.C. § 1325(a)(3), (b)(1). Schedule J (Docket No. 1) includes expenses which may be excessive and not reasonably necessary for the maintenance or support of Debtors or a dependent including $3,800 mortgage, $1,150 childcare and educational costs, $1,582 for 2 car payments (one vehicle is surrendered in the plan), and $200 for pet expenses. In addition, Trustee requests a copy of Debtors' pay advices from July 1, 2020 to date.

7. Debtor is not contributing all projected disposable income to plan payments. Schedule J discloses monthly disposable income of $1,239 but the plan proposes monthly payments of $500 for the first six months of the plan. The plan must provide for 100% of Class Four claims or Debtors must contribute all projected disposable income to plan payments. 11 U.S.C. § 1325(b)(1).

8. Schedules I and J (Docket No. 1) indicate Debtors have monthly disposable income of $1,239. The plan requires monthly payments of $5,925 beginning in month 7. Debtors' disposable income is insufficient to support plan payments and the plan does not appear feasible. 11 U.S.C. § 1325(a)(6).

9. Trustee requests Debtors amend the plan to move VW Credit to Part 6.4 as the debt is an unexpired lease Debtors are assuming.

The Trustee reserves the right to amend his objection and to report on the Debtors' payment history at the hearing on his Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: September 1, 2020 Respectfully submitted,

/s/ Matthew Hoelscher
Matthew Hoelscher, #48884
Attorney For Douglas B. Kiel, Chapter 13 Trustee
7100 E Belleview Ave, Suite 300
Greenwood Village, Co 80111
(720)398-4444
mhoelscher@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on 09/01/2020 addressed as follows:

MICHAEL EDWARD BLANDFORD
LISA PAIGE BLANDFORD
2659 S LAFAYETTE ST
DENVER, CO 80210

Notice by Electronic Transmission was sent to the following persons/parties:

DEVON BARCLAY PC

/s/ Shannon Fahnestock
Case Manager